UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER J. DIRIG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:18CV403-PPS/MGG |
| | ) |
| WEXFORD HEALTH SOURCES | ) |
| INCORPORATED and RONNIE NEAL, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Christopher J. Dirig, a prisoner without a lawyer, is barred from proceeding in forma pauperis by 28 U.S.C. § 1915(g) except for claims alleging that he is in imminent danger of serious physical injury. *See Dirig v. GEO/New Castle Correctional Facility*, 1:17CV70 (S.D. Ind. filed January 9, 2017) (order entered January 12, 2017, ECF 4, notified him he was subject to the limitations of 28 U.S.C. § 1915(g)) and *Dirig v. Warden of the Indiana State Prison*, 3:18CV356 (N.D. Ind. filed May 14, 2018) (complaint filed May 14, 2018, ECF 2 at 5, Dirig acknowledges he is subject to the limitations of 28 U.S.C. § 1915(g)).

In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). In this case, Dirig alleges he is in imminent danger of serious physical injury because he "suffers from left leg numbness, weakness and loss

of balance . . ..” ECF 2 at 1. He alleges he is unable to “walk, stand or sit on his own . . ..” *Id.* at 3. He alleges he is in danger of falling because he does not have a wheelchair, is unable to shower, and is housed in a cell that is not handicap accessible. These claims are nearly identical to the ones raised in *Dirig v. Warden of the Indiana State Prison*, 3:18CV356 (N.D. Ind. filed May 14, 2018). The only notable differences are his allegation that his wheelchair has been taken and his addition of Wexford as a defendant. However, these are distinctions without a difference. Because of the limitation imposed by 28 U.S.C. § 1915(g), Dirig may only proceed on a claim for injunctive relief to remove him from imminent danger. He is already doing that in 3:18CV356 where I granted him leave to proceed against the Warden of the Indiana State Prison in his official capacity on an injunctive relief claim to house him under conditions which do not subject him to imminent danger of serious physical injury. Adding Wexford as an additional defendant would not change either his claim or the relief he might be able to get.

"The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Therefore injunctive relief – if granted – would be limited to requiring the Indiana State Prison to house Dirig under conditions which do not violate the Constitution. That is to say, if Dirig can be housed

safely without a wheelchair, the PLRA precludes me from requiring that he have a wheelchair. As such, Dirig gains nothing by pursuing two duplicate lawsuits.

ACCORDINGLY:

This case is DISMISSED WITHOUT PREJUDICE so that Christopher J. Dirig can proceed with his claims in 3:18CV356.

SO ORDERED on June 1, 2018.

                /s/ Philip P. Simon
                JUDGE
                UNITED STATES DISTRICT COURT